## Ann S. Edwards *vs.* Samuel Stevens & others.

A married woman cannot sustain an action against partners, of whom her husband is one, to recover compensation for services performed for them.

Contract to recover compensation for services in trimming carriages, against partners, of whom the husband of the plaintiff was one. In the superior court, upon agreed facts, judgment was rendered for the defendants, and the plaintiff appealed.

*W. C. Binney*, for the plaintiff.

*H. G. Johnson & C. O. Morse*, for the defendants.

Hoar, J. It was settled in the recent case of *Lord* v. *Parker*, *ante*, 127, that a married woman cannot form a copartnership in business with her husband, for the reason, among others, that the true construction of the statutes which authorize her to carry on business upon her sole and separate account does not confer upon her the power to make a contract with her husband. That case is decisive of the present. These statutes are in derogation of the common law, and are not to be extended by implication. The express power to contract with her husband is not given in terms, and there is a strong implication from various provisions that it was not contemplated by the legislature. The language of Gen. Sts. *c.* 108, § 3, is indeed quite broad, and provides that she may " carry on any trade or business, and perform any labor or services on her sole and separate account, and sue and be sued in all matters having relation to her separate property, business, trade, services, labor and earnings, in the same manner as if she were sole." But in order to make a valid contract with her husband, he should also have the power to contract as if he were sole, which is nowhere given him. Section 5 provides that the contracts which she may make shall not be binding on her husband; and § 10 carefully declares that the preceding provisions shall not authorize the husband to convey or give property to his wife, a material obstacle to executing his contracts with her, if it were intended that he should make them.

As the plaintiff could not contract with her husband, she could not contract with the other defendants jointly with him. And the agreement of dissolution cannot bind them to pay a debt due to her from the firm, because no such debt had been lawfully created.                    *Judgment for the defendants*